WK/ABS:AE
F. #2017R00031

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against -

ANNA STEINER,
    also known as "Hanna
    Wasielewska,"
               Defendant.

------------------------------X

SUPERSEDING
INDICTMENT

Cr. No. 19-295 (S-1) (ILG)
(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1),
1347, 1349, 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

I.     Background

    A.     The Medicare Program

        1.     The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.     Medicare was divided into multiple parts. Medicare Part B covered, among other things, costs related to durable medical equipment ("DME") and diagnostic tests. Generally, Medicare Part B covered these costs only if, among other requirements,

they were medically necessary, ordered by a physician and not induced by the payment of remuneration, including bribes and kickbacks.

3. In addition, as to diagnostic tests in particular, Medicare Part B generally covered these costs only if, among other requirements, the tests were ordered by the physician treating the beneficiary, that is, the physician who furnished a consultation or treated a beneficiary for a specific medical problem and who used the results in the management of the beneficiary's specific medical problem.

4. Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare. Medicare beneficiaries obtained Part D benefits in two ways: (a) by joining a Prescription Drug Plan, which covered only prescription drugs; or (b) by joining a Medicare Advantage Plan, which covered both prescription drugs and medical services (collectively, "Part D Plans"). These Part D Plans were operated by private companies, often referred to as drug plan "sponsors," that were approved by Medicare.

5. Medicare and each of the Part D Plans were a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

6. In order for DME suppliers, pharmacies and diagnostic laboratories ("Supplier" or, collectively, "Suppliers") to submit claims to Medicare and Part D Plans for providing beneficiaries with DME, prescription drugs and diagnostic testing services, those items and services needed to be prescribed and ordered by a licensed medical provider and needed to be medically necessary, among other requirements.

7. CMS developed the National Plan and Provider Enumeration System ("NPPES") to provide unique identifying numbers for health care providers. When a health care provider registered with NPPES, that provider was given a unique National Provider

Identifier ("NPI") number. Information for providers who received NPI numbers was contained in a publicly available database sometimes referred to as the "NPI Registry."

B. Private Insurers

8. Various private entities provided health insurance plans, affecting commerce, under which medical benefits, items and services were provided to individuals, including plans that provided coverage for prescription drugs and DME (the "Private Plans"). Individuals who received benefits under the Private Plans were sometimes and variously referred to as "members" or "beneficiaries."

9. Each of the Private Plans was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

10. As with Medicare and Part D Plans, Private Plans generally required a licensed medical provider to prescribe or order drugs and DME and required that such items be medically necessary in order to reimburse the Supplier, directly or indirectly, for drugs and DME.

C. The Defendant, Co-Conspirator and Related Entity

11. The defendant ANNA STEINER, also known as "Hanna Wasielewska," was a physician licensed to practice medicine in New York, among other states, and was a resident of Valatie, New York. STEINER was registered with the NPPES, which listed her primary specialty as anesthesiology.

12. Co-Conspirator 1, an individual whose identity is known to the Grand Jury, was an owner of Company-1, an entity the identity of which is known to the Grand Jury.

3

13. Company-1 paid medical providers for their purported provision of telemedicine services to beneficiaries. Telemedicine services generally involved the connection of medical providers and beneficiaries through real-time, interactive audio and video telecommunications systems to facilitate the providers' provision of medical services to the beneficiaries.

II. The Fraudulent Scheme

14. Between approximately January 2015 and January 2019, the defendant ANNA STEINER, together with Co-Conspirator 1 and others, agreed to execute and executed a scheme whereby she: (a) signed prescriptions and order forms for DME, prescription drugs and diagnostic tests for beneficiaries she had not examined and evaluated, and for items and services that were not medically necessary; and (b) solicited and received illegal kickbacks in return for prescribing and ordering DME, prescription drugs and diagnostic tests.

15. Specifically, the defendant ANNA STEINER prescribed and ordered DME, prescription drugs and diagnostic tests for beneficiaries who she did not evaluate, examine and treat. STEINER and other medical providers purported to practice telemedicine pursuant to agreements with Company-1 and others whereby STEINER and the medical providers were paid for each purported telemedicine encounter with a beneficiary, including beneficiaries who were residents of the Eastern District of New York. In reality, STEINER and the other medical providers were paid in return for prescribing and ordering DME, prescription drugs and diagnostic tests for which various Suppliers could submit claims to Medicare, Part D Plans and Private Plans, when the prescriptions and orders were:

(a) induced in part by the payment of bribes and kickbacks; (b) not medically necessary; and (c) not the product of a doctor-patient relationship and examination.

16. Between approximately February 2015 and May 2018, the defendant ANNA STEINER, together with others, submitted and caused to be submitted more than $7.6 million in claims to Medicare for DME on behalf of more than 3,000 beneficiaries, including residents of the Eastern District of New York, and Medicare paid more than $3 million on those claims.

17. Between approximately February 2017 and January 2019, the defendant ANNA STEINER, together with others, submitted and caused to be submitted more than $9.8 million in claims to Medicare for diagnostic testing on behalf of more than 900 beneficiaries, including residents of the Eastern District of New York, and Medicare paid more than $3.4 million on those claims.

## COUNT ONE
(Conspiracy to Commit Health Care Fraud)

18. The allegations contained in paragraphs one through 17 are realleged and incorporated as if fully set forth in this paragraph.

19. In or about and between January 2015 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANNA STEINER, also known as "Hanna Wasielewska," together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more health care benefit programs, as defined in Title 18, United States Code, Section 24(b), to wit: Medicare, Part D Plans and Private Plans, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property

5

owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Health Care Fraud)

20. The allegations contained in paragraphs one through 17 are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between January 2015 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANNA STEINER, also known as "Hanna Wasielewska," together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud one or more health care benefit programs, as defined in Title 18, United States Code, Section 24(b), to wit: Medicare, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare, in connection with the delivery of and payment for health care benefits, items and services.

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

22. The United States hereby gives notice to the defendant that, upon her conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit any property, real or personal, that

6

constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____
ROBERT ZINK
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F. # 2017R00031
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*ANNA STEINER, also known as "Hanna Wasielewska,"*

Defendant.

## SUPERSEDING INDICTMENT
(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 1347, 1349 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

Bail, $ _____
*Andrew Estes, Trial Attorney (718) 254-6250*