UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

v.

ANNA STEINER
    also known as "Hanna Wasielewska,"

                Defendant.

**MEMORANDUM AND ORDER**
19-cr-0295 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On April 29, 2022, one month before trial was scheduled to begin, Anna Steiner ("Defendant") filed a letter raising, among other things, complaints about the timing and volume of discovery produced by the Government. ECF No. 79. On May 5, 2022, the Court held a conference to address these issues and set a briefing schedule for Defendant to make the motions highlighted in her April 29 letter. On May 13, Defendant filed a series of motions related, for the most part, to the discovery complaints she had raised in her April 29 letter. ECF No. 87 (Motion for Sanctions and other Relief). For the reasons stated below, Defendant's Motions are DENIED.

**I.      BACKGROUND**

In April 2019, Defendant was arrested and charged with conspiracy to commit health care fraud. ECF No. 14. On June 27, 2019, Defendant was indicted on one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. ECF No. 15. On September 19, 2019, Defendant was charged in a superseding indictment with one count of conspiracy to

commit health care fraud, in violation of 18 U.S.C. § 1349, and one count of health care fraud, in violation of 18 U.S.C. § 1347.  ECF No. 23 (Superseding Indictment).

Discovery has been voluminous and ongoing since June 11, 2019.  *See* ECF Nos. 18, 21, 30, 31, 41, 42, 68, 69, 71, 77, 78, 80, 90, 92, 95.  On April 29, 2022, less than a month before the trial was scheduled to begin, Defendant filed a letter highlighting recent issues with discovery.  ECF No. 79.  In particular, Defendant raised concerns about receiving a large volume of new discovery weeks before the start of trial.  *Id.* at 2–3 ("I now find myself . . . in the following position: less than four weeks from jury selection . . . the Government has just realized it has more than 1.4 million pages of discoverable material some of which the Government intends to use affirmatively against my client.").  In her letter, Defendant indicated that she intended to move for sanctions and other relief as a result of the recently produced discovery.  *Id.* at 3–4.

On May 5, the Court held a status conference and adjourned the trial until December 21, 2022, with a possible earlier backup trial date of September 28, 2022, to allow the Defendant to make her motions and to provide the Defendant with sufficient time to review the recently produced discovery.[1]  ECF May 5, 2022, Minute Entry.  At the conference, the Court also set a

---

[1]  In her motion, Defendant makes reference to an "administrative adjournment" of the trial.  ECF No. 87 at 6.  By using this term, Defendant seems to imply that the trial was adjourned because of congestion on the Court's calendar.  While the Court did note that restrictions relating to the ongoing COVID-19 pandemic were having an impact on trial scheduling, the Court made clear at the May 5 Conference that the trial was adjourned in the "interest of justice."  ECF No. 87, Ex. M. at 33 (Transcript of May 5, 2022, status conference).  Specifically, the Court referenced "the significant amount of discovery produced by the government," *id*. at 34, and the difficulties raised by Defendant in preparing for trial as a result of that discovery.  *See* ECF No. 79 (Defendant's Letter Regarding Recent Discovery Issues).  The Court found that justice would be best served by allowing "the defense adequate time to review this recently produced discovery in order to effectively prepare for trial."  ECF No. 87, Ex. M. at 34 (Transcript of May 5, 2022,

briefing schedule for the motions raised in Defendant's April 29 letter. On May 13, Defendant filed her motion for sanctions and other relief. ECF No. 87. Specifically, Defendant moves to: (a) "dismiss the indictment, or alternatively, to preclude the newly produced discovery" as a sanction for violations of Federal Rule of Criminal Procedure 16; (b) inspection of the Grand Jury Minutes; and (c) for a bill of particulars.

## II.     RULE 16 SANCTIONS

Based on the Government's representations, there is no basis to conclude that Rule 16 has been violated because the Government produced the additional discovery as soon as it became aware of it. ECF No. 84 (Government's Letter Addressing Discovery Matters). That is precisely what Rule 16(c) requires. Fed R. Crim. P. 16(c) ("A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party.").

The Second Circuit—even in cases where the government produces significant amounts of discovery shortly before trial—has found there is no Rule 16 violation so long as that evidence is "promptly produced to defense counsel" and there is sufficient time to review the materials. *See United States v. Monsanto Lopez*, 798 F. App'x 688, 690 (2d Cir. 2020) (finding the government's disclosure of new discovery one month before trial did not violate Rule 16 because the "evidence was promptly produced to defense counsel" and the defendant had sufficient time to review the material). Here, the Government stated that it "found documents relating to Dr. Steiner" when it conducted a search of "produced material . . . in other [separate] investigations"

---

status conference). The December 21, 2022, firm trial date was also not the only date offered: the Court offered the parties a firm trial date of August 17, 2022, but Defendant's counsel had a prior commitment. *Id.* at 17.

involving "other individuals who have pled guilty or are facing trial." ECF No. 87, Ex. M., at 8–9 (Transcript of May 5, 2022, status conference). At the May 5 Status Conference, counsel for the Government reported that at least some of those searches had occurred "in the last 10 days," *id*. at 8, at which point the Government promptly turned over the materials to the Defendant, satisfying its Rule 16 obligation.

However, even had there been a Rule 16 violation, the relief Defendant seeks is nevertheless extreme.[2] While a district court has broad discretion in determining the appropriate remedy for a Rule 16 violation, *United States v. Walker*, 974 F.3d 193, 204 (2d Cir. 2020), that discretion is guided by an examination of "the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances." *United States v. Lee*, 834 F.3d 145, 159 (2d Cir. 2016) (quoting Fed. R. Crim. P. 16 advisory committee's note to 1966 amendment). The goal of any Rule 16 remedy should be to remove "prejudice resulting from the government's untimely disclosure of evidence." *United States v. Sanchez,* 912 F.2d 18, 23 (2d Cir. 1990).

Here, Defendant fails to demonstrate that she has been prejudiced by the timing of the recent productions. She complains that the Government provided the latest batches of discovery less than a month before trial. ECF No. 87 at 8 ("[T]his is nothing more than a data dump of the worst kind on the eve of trial."). While that argument may have had some purchase in April

---

[2] As the Defendant herself concedes, she is asking for the "drastic remedy of dismissing the Superseding Indictment. In the alternative, [Defendant] calls for the preclusion of all evidence produced on or after April 7, 2022, and the preclusion of the following witnesses: Dr. Alleyne Smith, Dr. J. Foster Chapman, Steven Khan, Pamela Edwin, Emmanuel Silva, Les Stockett, and Elliot Loewenstern." ECF No. 87 at 11–12.

4

when the issue was first raised, it no longer does now because of the continuance of the trial date. Defendant nowhere suggests that the extra time afforded by the continuance is insufficient to review the new discovery. Where the issue is late disclosure, a continuance is "sufficient to cure any prejudice, even if [a] Rule 16 violation occurred." *United States v. Chang*, No. 18-CR-501 (DLI), 2021 WL 5771685, at *4 (E.D.N.Y. Dec. 6, 2021) (citing *Monsanto,* 798 F. App'x at 690–91.). Thus, the Court concludes that no discovery-related remedy, and certainly not the more drastic remedies of dismissing the superseding indictment or preclusion of the new evidence, is necessary at this time.

### III.  CONSTRUCTIVE AMENDMENT

Defendant next claims "the Government has constructively amended the indictment in violation of the Grand Jury Clause of the 5th Amendment and the indictment must be dismissed." ECF 87 at 12. "An impermissible constructive amendment occurs only when the government's proof and the trial court's jury instructions 'modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury.'" *United States v. Brennerman*, 818 F. App'x 25, 28 (2d Cir. 2020) (quoting *United States v. Vebeliunas*, 76 F.3d 1283, 1290 (2d Cir. 1996) (internal quotation marks and citation omitted)).

"Motions based on constructive amendment . . . must be made after a trial has been completed because [they] involve a review of the evidence presented at trial." *United States v. Vondette*, 248 F. Supp. 2d 149, 163 (E.D.N.Y. 2001). The motion is, therefore, denied without prejudice to renew after trial.

## IV. INSPECTION OF GRAND JURY MINUTES

Defendant further claims that the recently produced discovery by the Government "demonstrates the particularized need to inspect the Grand Jury minutes under FRCP 6(e) . . . to guarantee that the evidence presented to the Grand Jury is consistent with what the Government is now claiming." ECF 87 at 12. Rule 6(e) states that "[t]he court may authorize disclosure . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6.

Defendant "must satisfy a heavy burden of showing that compelling necessity outweighs countervailing public policy in order to disturb the presumption of the indispensable secrecy of grand jury proceedings." *Chang*, 2021 WL 5771685, at *2 (citing *United States v. Barret*, 824 F. Supp. 2d 419, 446 (E.D.N.Y. 2011)) (internal quotation marks omitted). Because "grand jury proceedings carry a presumption of regularity . . . [a] review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *United States v. Torres*, 901 F.2d 205, 232–33 (2d Cir. 1990).

Here, Defendant does not provide specific factual allegations of government misconduct; instead, she claims that the Government's theory of the case has changed. Defendant cites no authority, however, to support her claim that voluminous discovery is evidence of a shift in the Government's theory of criminality. In any event, even if the Government's theory has shifted, there is no evidence it shifted enough to overcome the "presumption of regularity" surrounding grand jury proceedings. *See United States v. Klein*, No. 16-CR-442 (JMA), 2017 WL 1316999, at *14 (E.D.N.Y. Feb. 10, 2017) (finding that if the "core theory" of the indictment "remains the same" disclosure of grand jury minutes is not appropriate). Here, the "core theory" of the

6

Government's case—that Defendant conspired to commit and committed health care fraud—appears unchanged.  Accordingly, Defendant's request to inspect the Grand Jury minutes is denied.

## V.      BILL OF PARTICULARS

"Whether to grant a bill of particulars is generally a decision entrusted to the sound discretion of the district court."  *United States v. Ramirez*, 609 F.3d 495, 502 (2d Cir. 2010). "The purpose of a bill of particulars is to permit a defendant to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  *United States v. Raniere*, 384 F. Supp. 3d 282, 321–22 (E.D.N.Y. 2019) (quoting *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988)) (citation and quotation marks omitted).  A bill of particulars should be ordered "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *Torres*, 901 F.2d at 234 (internal quotation marks omitted).  The key question is "whether the information sought is necessary, not whether it is helpful."  *United States v. Rivera*, 89 F. Supp. 3d 376, 401 (E.D.N.Y. 2015) (quoting *United States v. Perryman*, 881 F. Supp. 2d 427, 430 (E.D.N.Y. 2012)).  There are certain things a bill of particulars is *not* designed to do: "obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends

to prove its case; interpret its evidence for the defendant, or disclose its legal theory." *United States v. Bellomo*, 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003).

Defendant first seeks a bill of particulars identifying "unindicted co-conspirators" and other individuals and companies involved in the alleged conspiracy or health care fraud charge. ECF No. 87. The question of whether to grant this sort of request turns on a number of factors, including:

> "(1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the government otherwise has provided adequate notice of the particulars; (4) the volume of pretrial disclosure; (5) the potential danger to coconspirators and the nature of the alleged criminal conduct; and (6) the potential harm to the Government's investigation."

*United States v. Barrett*, 153 F. Supp. 3d 552, 572 (E.D.N.Y. 2015) (listing cases).

Considering these factors here counsels against granting the requested relief. While it is true that this case involves a "wide-ranging health care fraud conspiracy that spanned four years," ECF No. 84 (Government's Letter Addressing Discovery Matters), the Government nevertheless has provided the Defendant with sufficient information from which to identify with particularity the nature of the charges against her. For example, the government has provided a "witness list that includes the persons with whom the Defendant is accused of conspiring and who the Government anticipates calling at trial." ECF No. 91 (Government's Response). It has also identified the companies involved in the conspiracy and their relationship to the charges. *Id*. Given these disclosures, a bill of particulars to identify co-conspirators is not necessary. *See United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means.").

Neither is a bill of particulars appropriate to inventory "each allegedly fraudulent prescription issued by the defendant that the Government will offer proof of at trial." ECF No. 87. It is unclear why this level of detail is needed. Here, a bill of particulars is unnecessary to identify which prescriptions are alleged to be fraudulent as they are *all* alleged to be fraudulent. ECF No. 91 (Government's Response). *Cf. United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (finding a bill of particulars appropriate where defendant was "left unguided as to which documents would be proven falsified"); *United States v. Nachamie*, 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000) (compelling a bill of particulars where the government had not "yet informed the defendants which of these claims were false and in what way they were false"). Furthermore, the Government has already identified "in what way" it believes the prescriptions and orders were false: the prescriptions and orders were allegedly "(a) induced in part by the payment of bribes and kickbacks; (b) not medically necessary; and (c) not the product of a doctor-patient relationship and examination." ECF No. 23 (Superseding Indictment). The Government is not required to disclose "the precise way the defendant committed the crime charged," *Perryman*, 881 F. Supp. 2d at 430 (citing *United States v. Sattar*, 314 F. Supp. 2d 279, 318 (S.D.N.Y. 2004)), and thus a bill of particulars for further detail is not warranted.

## **CONCLUSION**

Accordingly, for the reasons set forth herein, Defendant's Motion for a Bill of Particulars, Motion to Compel, Motion for Discovery, Motion for Sanctions, and Motion to Suppress, ECF No. 87, are DENIED.

SO ORDERED:

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: July 1, 2022
Brooklyn, New York