UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ANNA STEINER
also known as "Hanna Wasielewska,"

Defendant.

**MEMORANDUM & ORDER**
19-cr-0295 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On December 19, 2022, Defendant Anna Steiner filed a Motion to Compel (the "Motion"), requesting that the Court "direct the Government to grant use immunity, or in the alternative for the court to grant use immunity, to two expected defense witnesses, [Witness-1 and Witness-2], should the defense elect to put on an affirmative case and call these witnesses at trial." ECF No. 148 at 1. The Government filed a response to the Motion on December 20, 2022. ECF No. 150.

The parties have since informed the Court that they have agreed to a stipulation that moots the issue as to one of the potential witnesses, Witness-2. This Order, therefore, focuses on Witness-1. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

In April 2019, Defendant was arrested for allegedly conspiring to commit health care fraud. ECF No. 14. On June 27, 2019, Defendant was indicted on one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. ECF No. 15. On September 19, 2019, Defendant was charged in a superseding indictment with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and one count of health care fraud, in violation of 18 U.S.C. § 1347. ECF No. 23. In July 2021, the Court set a trial date of May 23,

2022. ECF No. 59. On May 5, 2022, the Court adjourned the trial until December 21, 2022. ECF May 5, 2022, Minute Entry. On November 18, 2022, Defendant was charged in a second superseding indictment with three additional counts of false statements related to health care matters, in violation of 18 U.S.C. § 1035. ECF No. 116. On December 19, 2022, Defendant filed the instant Motion. ECF No. 148.

## II. LEGAL STANDARD

Defendant requests that the Court compel the Government to grant use immunity to Witness-1.[1] "The Government is under no general obligation to grant use immunity to witnesses the defense designates as potentially helpful to its cause but who will invoke the Fifth Amendment if not immunized." *United States v. Avenatti*, No. 19-cr-373, 2020 WL 418453, at *13 (S.D.N.Y. Jan. 26, 2020) (quoting *United States v. Ebbers*, 458 F.3d 110, 118 (2d Cir. 2006)). "Nevertheless, under extraordinary circumstances, due process may require that the government confer use immunity on a witness for the defendant." *Avenatti*, 2020 WL 418453, at *13 (quoting *United States v. Praetorius*, 622 F.2d 1054, 1064 (2d Cir. 1979)). To demonstrate that "extraordinary circumstances" exist Defendant must satisfy a two-prong test laid out in *United States v. Ebbers*:

> First, the defendant must show that the government has used immunity in a discriminatory way, has forced a potential witness to invoke the Fifth Amendment through overreaching, or has deliberately denied immunity for the purpose of withholding exculpatory evidence and gaining a tactical advantage through such

[1] Alternatively, Defendant urges the Court to use its "independent authority to confer immunity on a defense witness, or to similarly order that that testimony cannot be used against the witness in the future." ECF No. 148 at 3. The Court recognizes that, while it theoretically may grant use immunity of its own accord, it would only be compelled to do so in the extraordinary circumstance where the "lack of defense witness immunity could be found to deny constitutionally protected fairness." *United States v. Turkish*, 623 F.2d 769, 777 (2d Cir. 1980). The Motion fails to demonstrate that those circumstances exist here. *See id*. ("[W]e simply do not find in the Due Process Clause a general requirement that defense witness immunity must be ordered whenever it seems fair to grant it.").

> manipulation. . . . Second, the defendant must show that the evidence to be given by an immunized witness will be material, exculpatory and not cumulative and is not obtainable from any other source.

458 F.3d at 119 (internal quotation marks omitted). "The defendant bears the burden of showing that each of these elements is present." *United States v. Diaz,* 176 F.3d 52, 115 (2d Cir. 1999).

## III. THE COURT WILL NOT COMPEL THE GOVERNMENT TO GRANT USE IMMUNITY

Defendant has not met her burden to show that "extraordinary circumstances" exist that would warrant the Court compelling the Government to grant use immunity to Witness-1.

First, Defendant has not shown that the Government is using immunity in a discriminatory way. Defendant argues that "[t]he Government is using immunity in a discriminatory way since it has granted use immunity to at least one of its own witnesses, [Witness-3], while denying it for" Witness-1. ECF No. 148 at 3. The Court finds that Witness-3's circumstances are particularly unique and that her receipt of immunity relates more to her status as a member of Defendant's household and a minor during the relevant period—Witness-3 is Defendant's daughter and was a minor during the relevant period charged in the indictment. ECF No. 150 at 8. Thus, the Government's decision to grant immunity to Witness-3 and not to Witness-1 was not discriminatory as those individuals are "not similarly situated from a law enforcement perspective." *United States v. Stewart*, 907 F.3d 677, 685 (2d Cir. 2018).

Second, Defendant has failed to demonstrate that Witness-1 is invoking the Fifth Amendment as a result of Government overreach. "Prosecutorial overreaching can be shown through the use of threats, harassment, or other forms of intimidation." *Id.* at 686 (internal citation and quotation marks omitted). The record before the Court does not support a finding that the Government engaged in any of those activities. Defendant implies that the possibility

Witness-1 could be prosecuted in the future is evidence of intimidation. *See* ECF No. 148 at 4 ("[T]he Government's unfettered prosecutorial discretion acts as a very real sword of Damocles over [Witness-1] and . . . result[s] in unfair overreach . . . ."). However, there is no evidence that the Government "state[d], suggest[ed], or impl[ied] that [Witness-1] would face adverse consequences based on whether or not he cho[oses] to testify." *Stewart*, 907 F.3d at 686. The Court does not find the mere possibility of prosecution in the future to constitute intimidation. *See id.*

Finally, Defendant has failed to show that the Government "deliberately denied immunity for the purpose of withholding exculpatory evidence and gaining a tactical advantage." *Ebbers*, 458 F.3d at 119. While Defendant alleges that Witness-1's testimony will be exculpatory, ECF No. 148 at 4–5, she does not explain how the Government deliberately denied immunity for the purpose of withholding that evidence. As Defendant concedes, Witness-1 was only interviewed by the Government twice, six years ago, and has not been interviewed again since then. *Id.* at 1. Defendant has known about the existence of Witness-1 since the inception of the case, but only raised the issue of Witness-1 being immunized less than two weeks before the start of trial. Under these circumstances, the record does not support a finding that the Government is deliberately withholding immunity from Witness-1 in order to garner a tactical advantage.

* * *

Since Defendant has not satisfied the first prong of the *Ebbers* test requiring prosecutorial misconduct or overreaching, the Court does not need to address whether Witness-1's testimony "will be material, exculpatory and not cumulative and is not obtainable from any other source." *Ebbers*, 458 F.3d at 119.

**CONCLUSION**

Accordingly, for the reasons set forth herein, Defendant's Motion to Compel is DENIED.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: December 27, 2022
Brooklyn, New York